UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KERVIN JEANTY,<br><br>                Plaintiff,<br><br>-against-<br><br>ROCKLAND COUNTY; THE TOWN OF ORANGETOWN; JWEZ NY, INC.; OFFICE EVOLUTION CORP.; MARK HEMMETER; JAY WEZNER; DONALD BUTTERWORTH; PATTI HARRISON; AND JOHN AND JANE DOES 1 – 8,<br><br>                Defendants. | 25-CV-4728 (KMW)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO REPLEAD |

KIMBA M. WOOD, United States District Judge:

    Plaintiff Kervin Jeanty, appearing *pro se,* brings this action under 42 U.S.C. §§ 1983, 1985-86, alleging that Defendants violated his federally protected rights. By order dated June 12, 2025, ECF No. 4, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true, but it need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id*. at 678-79. . After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible –- not merely possible –- that the pleader is entitled to relief. *Id.* at 79.

## BACKGROUND

In his complaint, Plaintiff names the following Defendants: Rockland County; the Town of Orangetown; "Chief of Police" Donald Butterworth; John and Jane Does 1 – 8;[1] Jwez NY, Inc.; Office Evolution Corp.; Mark Hemmeter; Jay Wezner; and "Manager" Patti Harrison.[2]

Plaintiff alleges that on June 3, 2022,

> I was forced out of the office, that I resided in by the above defendants without a court order. I believe these defendants had a meeting of the minds to violate my constitutional rights. I had a month to month lease/contract. DSS of Rockland County/311 was called for shelter, in which Kervin Jeanty was denied. [I] was then driven to a shelter in White Plains N.Y., with all of [my] belongings, by the police officer "John Doe." The remaining defendants failed to properly train and supervise there employees, and or operators. This caused me great humiliation.

(*Id.* at 7.)

According to Plaintiff, Defendants violated his right to due process, equal protection, and the right to be free from unreasonable search and seizure. (ECF 1 at 2.) Plaintiff claims that he suffered emotional distress, and seeks $50 million in damages.

## DISCUSSION

**A.    Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

---

[1] Some Doe defendants are employees of "DSS" [the Department of Social Services], and others are police officers ("P.O."). (ECF 1 at 4-6.)

[2] According to Plaintiff, the address he provides for Defendants Jwez NY, Inc., Office Evolution Corp., Mark Hemmeter, Jay Wezner, and Patti Harrison –- 1 Blue Hill Plaza, Ste. 1509, in Pearl River, New York -– is where his claims arose.  It is not clear if Plaintiff is alleging that this is the location that he was "forced" to leave.

U.S. 42, 48-49 (1988). Private parties generally are not state actors, and therefore are not usually liable under Section 1983.. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

A plaintiff proceeding under Section 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

When a plaintiff sues a municipality, such as Rockland County or the Town of Orangetown, under Section 1983, the plaintiff must show that the municipality itself violated the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . [Section 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)). To state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the

4

existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).[3]

A governmental body cannot be liable under Section 1983if there is no constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). This is because "*Monell* does not provide a separate cause of action for the failure by the government to train its employees; it extends liability to a municipal organization where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (citing *Monell*, 436 U.S. at 694) (emphasis omitted).

For the reasons set forth below, Plaintiff does not assert facts stating a plausible claim under Section 1983 against any of the named Defendants.

First, although Plaintiff names individuals and entities in the caption of the complaint, he fails to explain what occurred, who the Defendants are, and what each Defendant did or failed to do that violated his rights. *Cf. Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the

---

[3] A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (citations omitted).

plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted" ) (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

Second, some named Defendants appear to be private individuals and entities, and Plaintiff does not offer facts showing that they are state actors or that their conduct is attributable to the state.

Third, with respect to Plaintiff's claims against Rockland County and the Town of Orangetown, the complaint does not contain facts suggesting that a municipal policy, custom, or practice contributed to the violation of his rights.

Finally, Plaintiff's allegations do not give rise to an inference that any Defendant violated his federally protected rights.  Plaintiff alleges that he was "forced out" of an "office" where he was residing on a "month to month lease/contract" without a "court order", that Rockland County DSS denied his request for shelter, and that a police officer drove him to a shelter in White Plains, New York. (ECF 1 at 7.)  On these facts, the Court cannot infer that any Defendant violated Plaintiff's rights to equal protection and due process or violated his Fourth Amendment rights.  *See Twombly*, 550 U.S. at 555. (holding that the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.")[4]

---

[4] As a general rule, this Court lacks subject matter jurisdiction of landlord-tenant claims arising under state law, in the absence of diversity jurisdiction, 28 U.S.C. § 1332, or supplemental jurisdiction, 28 U.S.C. § 1367. To the extent that there are or were eviction or other proceedings in state court, the Plaintiff has not made clear what process would be due to him outside of those proceedings. Insofar as Plaintiff's claims would involve this Court's review of final state-court judgments, or intervention in ongoing state-court matters, such claims may not be cognizable in this court. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that under the *Rooker-Feldman* doctrine, federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Younger v. Harris*, 401 U.S. 37 (1971)

**B.     42 U.S.C. § 1985 and § 1986**

To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege facts showing the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (*per curiam*)). Vague and unsupported assertions of a claim of conspiracy will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985, "a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Section 1986 provides a cause of action against anyone "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian,* 7 F.3d at 1088 (2d Cir. 1993) (quoting *Katz v. Morgenthau*, 709 F. Supp. 1219, 1236 (S.D.N.Y. 1989), *aff'd in part and rev'd in part on*

---

(holding that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate). *See generally Gristina v. Merchan*, 131 F.4th 82, 88 (2d Cir. 2025) (explaining that "*Younger* [abstention] generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." (citations omitted)).

7

*other grounds*, 892 F.2d 20 (2d Cir.1989)). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* (citing *Dacey v. Dorsey*, 568 F.2d 275, 277 (2d Cir. 1978), *cert. denied*, 436 U.S. 906 (1978)).

Here, Plaintiff's conspiracy allegations fail to state a claim under Section 1985. Plaintiff alleges only that Defendants came to a "meeting of the minds" (ECF 1, at 7.) This is a conclusory allegation, which does not describe any overt acts or invidious animus that would support a claim under Section 1985(3). Because stating a plausible conspiracy claim under Section 1985(3) is a mandatory predicate for a claim under Section 1986, Plaintiff's complaint also fails to state a claim under Section 1986.

**C.     State-law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). The Court declines at this stage to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless

amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). . Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Considering Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment dismissing the complaint in this action.

## CONCLUSION

The Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead within 30 days.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: September 3, 2025
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge